## The LEEN COMPANY

v.

## WEB ELECTRIC, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs June 16, 1992.

Decided July 23, 1992.

Harold N. Skelton, Skelton, Taintor & Abbott, Auburn, for plaintiff.

Grover Alexander, Gray, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Web Electric, Inc., appeals from a judgment of the Superior Court (Cumberland County, *Fritzsche, J.*) finding it liable to plaintiff for the cost of generators supplied by plaintiff. Contrary to Web's contentions, we find no error in the Superior Court's exclusion of evidence relating to certain "backcharges" of liquidated damages assessed by the general contractor against Web, which Web sought to offset against Leen's judgment. The proffered evidence consisted of correspondence offered to prove that the assessment of liquidated damages was necessitated by delays caused by Leen's malfunctioning generators. The letters were written by either the architect or the general contractor and received by Web, either directly or as courtesy copies. The court excluded the letters as hearsay and not within the business records exception, M.R.Evid. 803(6), because that exception applies only to the records of the author of the letters, not the recipient.

The court did not abuse its discretion in excluding the correspondence. The exception in rule 803 allows for admission of records "if it was a regular practice of that business to *make* the memorandum, report, record, or data compilation, all as shown by the custodian or other qualified witness...." M.R.Evid. 803(6) (emphasis supplied). Although we have recognized that in certain circumstances business records may include information prepared

**84**

outside the business, *see Northeast Bank & Trust Co. v. Soley,* 481 A.2d 1123 (Me. 1984), they are admissible only if they contain the "indicia of reliability that form the basis of the business record exception." *Id.* at 1127. Here, Web sought to introduce through the testimony of its own agent records of business correspondence prepared by others, without providing any foundation to suggest that the records were prepared by a person with knowledge of the cause of the delays or were created in the ordinary course of business. The fact that a document is received in the ordinary course of business does not alone satisfy the foundational requirements of rule 803(6).

The entry is:

Judgment affirmed.

All concurring.