STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-02

CITIMORTGAGE, INC

v.                                                    ORDER

JULIE A LEDOUX


Before the court is additional argument from Plaintiff regarding the court's exclusion of certain testimony at the hearing on Plaintiff's foreclosure action. In addition to the routine property preservation charges, the Plaintiff sought to introduce as business records cursory evidence of substantial construction costs that the Plaintiff incurred after mold damage.

Typically, an employee of a business is called to provide a foundation to admit documents as business records from the employee's business. In addition, that employee can lay the foundation to testify regarding business records of another business when the employee's business has integrated, relied on, and verified the prior business's business record. *Bank of New York Mellon v. Shone*, 2020 ME 122, ¶ 27, 239 A.3d 671, 681. Mere possession or 'custody' of records and reliance by the employee's business on the is not sufficient." *Id.* ¶ 10. There must be sufficient verification to make that record trustworthy. *Id. See also id.* ¶ 18, *citing Leen Co. v. Web Elec., Inc.*, 611 A.2d 83, 83-84 (Me. 1992) (testimony of business's agent seeking to lay foundation for records of business correspondence prepared by others unsuccessful when agent unable to testify that the records were prepared by a person with knowledge of the cause of the delays or were created in the ordinary course of business.)

Here, the evidence sought to be admitted is a substantial sum of money that Plaintiff incurs was the result of damage to the property. It is distinguishable from routine fees incurred,

1

REC'D CUMB CLERKS OFC
AUG 24 '23 PK3:46

maintained, and recorded by a property preservation company for inspections or snow plowing. Typically, admission of this type of evidence would require the testimony of a contractor that the construction costs were reasonable. While the Plaintiff's loan service company may have verification in place for those routine costs, the court is unpersuaded that the witness could testify either as to the verification of the costs or to the knowledge of whoever created the cursory documents supplied to establish these costs. Therefore, the court does not find sufficient reliability to admit the records to the extent they reflect costs for the construction project pursuant to M.R.Evid. 806.

Even if the court did admit the records, the court would accord them no weight as evidence. The cursory documentation offered insufficient evidence to allow the court to award damages in the form of the construction costs. *See, id,* at ¶ 28; *see also* M.R.Civ.P. 55(b)(2) (requiring court to assess damages when a defendant is in default).

The Entry is:

Plaintiff's request that the court review the letter is GRANTED. Court's ruling after review of the letter is entered here. Plaintiff to amend and submit proposed judgment accordingly.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 8/24/23

Thomas R. McKeon
Justice, Maine Superior Court

2